WILLIAM PARKER vs. GEORGE O. CRITTENDEN AND ANOTHER.

A sold a hack to B, with intent to defraud his creditors, such intent being known to B. B afterwards, in the presence of A, sold the hack for a valuable consideration to C, who had no knowledge of the fraudulent character of the sale to B. In an action of replevin afterwards brought by C, against certain creditors of A who attached the hack in the hands of C as the property of A, it was held—1. That whatever might be the effect of the sale by B to C, if A had not been present, yet as he was present he was estopped from denying the validity of the sale to C. 2. That A's creditors, by their attachment of the property afterwards, took it as privies in estate of A, and as against C, a bonâ fide purchaser, subject to the estoppel affecting A.

And held to make no difference that C had not yet paid for the hack, as he was a bonâ fide purchaser and had a right to the benefit of his purchase.

The case of Preston v. Crofut, 1 Conn., 527, noticed unfavorably.

REPLEVIN for a hack attached by the defendants in the hands of the plaintiff as the property of one Barrows; brought to the Superior Court in New Haven County, and tried on an avowry of the defendants, the issue being closed to the court, before Sanford, J.

The court found the following facts :—

The hack mentioned in the plaintiff's writ was, in February 1867, the property of Sherman A. Barrows, who at that time was the owner and keeper of a livery stable in New Haven. Barrows was at that time indebted to one George

B. Bates, and owed other parties, including the defendants, his indebtedness exceeding his assets. Under the advice of Bates he transferred all his property, including the hack, to one Fenn, who subsequently transferred the property to Bates. These transfers were made for the purpose of preferring Bates as a creditor, and for the purpose of defrauding the other creditors of Barrows, all which was known to Bates and Fenn. Afterwards, on the 7th of March, 1867, the hack being then in the possession of Bates, the plaintiff purchased it of Bates, for the agreed price of $300. Not having the money at the time, the plaintiff promised to pay Bates in a few days, when he should next see him. The hack was duly delivered to the plaintiff. Barrows was present when the hack was purchased by the plaintiff, and assented to the sale, and assisted in making it. The plaintiff was ignorant that the hack had been fraudulently conveyed to Bates, and purchased it in good faith, supposing Bates to be the lawful owner. Shortly afterwards, the hack being then in the possession of the plaintiff, the defendants caused the same to be attached as the property of Barrows, and while in the hands of the officer, and held under the attachment, the present action of replevin was brought.

The plaintiff did not see Bates after purchasing the hack until after the commencement of the present suit, and was not during that time requested to pay for the same, but was ready and willing to do so. Since the commencement of the suit Bates has frequently demanded payment of the plaintiff, but the plaintiff declined to pay until the suit should be decided, and has not yet paid for the hack.

Barrows continued to be insolvent, and has now no property.

The defendants, in view of these facts, claimed that as against them, they being creditors of Barrows, no title to the hack passed from Bates or Barrows to Parker; that the conveyances by Barrows to Fenn, and by Fenn to Bates, being, as against the plaintiff and the other creditors of Barrows, utterly void, Bates had no title which he could give to the plaintiff, which was not subordinate to the claim of the de-

fendants, as creditors of Barrows; and that the plaintiff not having paid for the hack, judgment should be rendered for the defendants; but the court overruled these claims, and rendered judgment for the plaintiff.

The defendants moved for a new trial.

*C. Ives* and *Alling*, in support ⬛⬛⬛⬛n.

1. The statute against fraudule⬛⬛⬛⬛yances provides "that all fraudulent and deceitful conveyances of lands and tenements, or any interest in them, or of goods and chattels, made with intent to avoid any debt or duty of others, shall be utterly void, as against those persons only whose debt or duty is endeavored to be avoided." In the case of *Preston* v. *Crofut*, 1 Conn., 527, decided in 1811, after thorough and exhaustive arguments by the ablest counsel in the state, it was held by the Supreme Court that a *bonâ fide* purchaser for a valuable consideration, from the grantee of a fraudulent conveyance, acquires no title against the creditors of the fraudulent grantor. The same doctrine essentially with that of *Preston* v. *Crofut* was held in 1810 in the case of *Beach* v. *Catlin*, 4 Day, 284, and in 1812 in the case of *Merrill* v. *Meacham*, 5 Day, 341. The court gave to the term "void" in the statute the same effect as has been given to that term in the statutes against usury. *Townsend* v. *Bush*, 1 Conn., 260. This decision has been acquiesced in from that day to this, and has not been reversed or criticised by the Supreme Court, and no change has been made in the law by the legislature. Under such circumstances it has become a rule of property and cannot be set aside. If the law established by it needs changing it should not be done by judicial legislation.

2. The attempt of the plaintiff to show that the law is different elsewhere, cannot change the law as enacted by our legislature, and as construed by the Supreme Court, and acquiesced in for more than fifty years.

3. The fact that Barrows was present at the sale, and assented to it, and assisted in making it as the agent of Bates, does not help the plaintiff. It only shows that Barrows was active in carrying out and consummating the fraud upon his

other creditors, by assisting Bates in converting the property into money. It does not show that the plaintiff bought the hack of Barrows. On the contrary, the hack was in the possession of Bates, and the plaintiff bought the property of Bates, and was ▇▇▇ him therefor. The plaintiff was not misled by the c▇▇ ▇ Barrows. He knew he bought the title of Bates to ▇▇▇ and nothing more. If that title was good, his co▇▇▇ will stand. Otherwise not. The recommendations of Barrows as to the value of the property would be of no more consequence than those of anybody else, and of course the knowing participation of Barrows in the fraud would lead him, if called upon, to assert the absolute ownership of the property by Bates, and to assent to any disposition that Bates might wish to make of it. The case therefore comes precisely within the decision of *Preston* v. *Crofut*, and must be governed by it.

4. The plaintiff having paid no one as yet for the hack, he cannot be damaged by a decision against him in this case, except to the extent of the cost of a suit which he has seen fit unnecessarily to institute, against the honest and defrauded creditors of Barrows; while the defendants are remediless and lose their entire claim against Barrows if the plaintiff's suit is sustained.

*O. H. Platt*, contra.

1. Either Bates or Barrows owned the carriage in controversy at the time Parker purchased, and for the purposes of this case it is immaterial which of them had the legal title. Parker acquired by his purchase all the title each or either of them had at the time. If the title was still in Barrows, he parted with it, for he assented to the sale and assisted in making it. Creditors had no title or interest in the property at the time, for they had made no attachment. *Owen* v. *Dixon*, 17 Conn., 492.

2. The innocent purchaser of personal property from a fraudulent vendee in possession, acquires a good title. *Neal* v. *Williams*, 18 Maine, 391 ; *Hoffman* v. *Noble*, 6 Met., 68 ; *Bradley* v. *Obear*, 10 N. Hamp., 477 ; *George* v. *Kimball*, 24

Pick., 241 ; *Ditson* v. *Randall*, 33 Maine, 202 ; *Trott* v. *Warren*, 2 Fairf., 227 ; Hilliard on Sales, ch. 21, sec. 11.    The case of *Preston* v. *Crofut* is decisive only as regards real estate. It has never been recognized or affirmed by any subsequent decision of our own courts, and has been elsewhere repeatedly overruled.    4 Kent Com., 464; *Anders▒▒▒▒▒erts*, 18 Johns., 515 ;    *Bean* v. *Smith*, 2 Mason, 25▒▒▒▒▒*al Bank* v. *Haskins*, 3 Met., 332.

SEYMOUR, J.    It is agreed that the plaintiff is the *bonâ fide* purchaser of the property in dispute.    He bought it from the fraudulent grantee in whose possession it then was, in the presence of the fraudulent grantor, who assented to the sale and assisted in making it.    The defendants had not then made their attachment, and they therefore then had no interest whatever in the property, legal or equitable.    The whole title was then either in Fenn or in Barrows.    If in the former the plaintiff takes that title by direct purchase ; if in the latter he takes that title by estoppel, for surely upon the facts stated Barrows could not set up any claim to the property against the title of the plaintiff.

The defendants insist that the conveyance from the fraudulent grantor is by.the statute made utterly void.    Be it so ; it thence follows that Barrows remained full and complete owner, the fraudulent conveyance notwithstanding, and, as before shown, Barrows's title passes to the plaintiff by estoppel.    The defendants claim under and through Barrows by attachment of his interest in the property, made after the plaintiff's purchase.    The defendants therefore, as privies in estate with Barrows, are bound by the same estoppel, and the plaintiff being a *bonâ fide* purchaser may avail himself of the estoppel.

This conclusion seems just and founded on settled principles and has become familiar law in neighboring states. But the defendants insist that the law of Connecticut has been declared to be otherwise in the case of *Preston* v. *Crofut*, 1 Conn., 527.    In that case the fraudulent grantor was not present at the sale to Crofut and did not assist in making it, and the subject matter of dispute was real estate.    These dif-

ferences between this case and that are such that we have no occasion to overrule *Preston* v. *Crofut.* If however the present decision is irreconcileably opposed to the doctrine in that case, then we feel no hesitation in overruling that case to the extent of the inconsistency.

It was suggested by the defendants' counsel that as the plaintiff had not yet paid for the property, no injustice will be done to him if we declare his purchase void, because by so doing we should relieve him from payment and secure to the defendants an honest debt. But the plaintiff being a *bonâ fide* purchaser we do not feel at liberty to say that he shall not have the benefit of his purchase. The title to the property vested in the plaintiff upon its delivery to him, and great inconvenience and confusion might follow if we should hold that such title could be made null by subsequent attachments by creditors of a former owner of the property.

A new trial is not advised.

In this opinion the other judges concurred.