———— o ◆ ◆ ————

39   179
d76   519

GEORGE T. BALLARD *vs.* LORENZO G. WINTER AND ANOTHER.

As a general rule the title to personal property perfected in one state, according to the laws of that state, is respected in all other states and countries into which the property may come. The validity of transfers of such property depends in general upon the place of the contract; sometimes the situs of the property is an important consideration. These general rules are, however, subject to the exception that every state must judge for itself how far it will give effect to the laws of other states.

The rule of law in Connecticut which requires a change of possession to accompany sales and mortgages of personal property, in order to perfect the title as against creditors of the vendor or mortgagor, is not a mere rule of evidence, but of positive law. But this rule does not, as such, apply to property located without the jurisdiction of the state, and ought not to be applied to a contract made in good faith in another state, between citizens of that state, according to the laws of that state, in relation to property there situate, with no purpose of being executed in this state, or of evading its laws.

TROVER for three head of cattle; brought to the Superior Court for Tolland county, and tried on the general issue closed to the jury, before *Loomis, J.*

The plaintiff claimed to have proved that on the 22d of March, 1869, the plaintiff and one John L. Shaw both resided in the town of Wilbraham, in the state of Massachusetts, on which day Shaw had in his possession at Wilbraham, and was the owner of, the cattle described in the declaration; that Shaw on that day at Wilbraham mortgaged the cattle, by a

good and valid mortgage deed, to the plaintiff, to secure the payment of a note described in the mortgage, which mortgage was recorded on the records of the town of Wilbraham, in the proper place for recording mortgages of personal property, on the 23d of March, 1869, at which time both the mortgagor and the mortgagee resided in Wilbraham, and the cattle were there situated ; that Shaw on or about the first of April, 1869, without the knowledge or consent of the plaintiff, took the cattle to a farm in the town of Stafford, in this state, and kept them there until on or about the 20th of January, 1870, when the defendants took them by virtue of a writ of attachment in favor of Seaman Lull against Shaw, and converted them to their own use.

The defendants requested the court to charge the jury, that a mortgage of such personal property made and executed in Massachusetts would not be good and valid in this state against attaching creditors, if the mortgagee knew that the mortgagor was residing in this state, and had the property in his possession, and permitted him to do so.

The court instructed the jury that if they should find that the mortgage was duly made, executed, and recorded on the records of the town of Wilbraham, according to the laws of Massachusetts, and that the mortgagor and mortgagee were at the time of the execution and recording of the mortgage residents of Wilbraham, and the cattle were there situated during that time, the mortgage would convey a good title to the plaintiff, and the fact that the mortgagor remained in possession of the cattle, and brought them into this state, and kept them here during said time, would not, even if he held himself out as such owner of them, without the knowledge or consent of the mortgagee, affect the title of the plaintiff. But if the jury should find that the plaintiff had in any way permitted the mortgagor to hold himself out as the owner, and the defendants had thereby been misled to their injury, that the plaintiff would now be estopped from setting up his own title to the property.

The jury returned a verdict for the plaintiff, and the defendants moved for a new trial for error in the charge.

*R. Welles* and *Lull*, in support of the motion.

*West* and *Davison*, contra.

SEYMOUR, J. This is an action of trover for the alleged conversion of certain cattle. The plaintiff claims title under a mortgage deed from one Shaw. The defendant denies the validity of the mortgage, and claims title as attaching creditor of Shaw. The question for consideration distinctly appears in the judge's charge, which was as follows :

" If the jury should find that the mortgage was duly made, executed and recorded on the records of the town of Wilbraham, according to the laws of Massachusetts, and that the mortgagor and mortgagee were at the time residents of said Wilbraham, and the cattle were there situated during that time, that said mortgage would convey a good title to the plaintiff, and the fact that the mortgagor remained in possession of said cattle, and brought them into this state and kept them here during said time, would not, even if he held himself out as owner of them, without the knowledge or consent of the mortgagee, affect the title of the plaintiff. But if the plaintiff permitted the mortgagor to hold himself out as owner, and the defendants had thereby been misled to their injury, the plaintiff would be estopped from setting up title."

We think the instructions of the judge to the jury are correct. The mortgage was made in Massachusetts, the parties resided there, and that was the situs of the property. The title by the law of Massachusetts was fully vested in the plaintiff, both as between the parties to the conveyance and as to creditors and subsequent purchasers. By the general rules of law title thus perfected in one state is respected in all other states and countries into which the property may come. The argument of the defendant is, that by Connecticut law retention of possession by the mortgagor is conclusive evidence that the mortgage is fraudulent ; that this, being a rule of evidence, ought to be adhered to in our courts ; that the question is one of *evidence*, and that such questions are to be governed by the law of the forum. But we think our law on

this subject cannot be regarded as a mere rule of evidence, though it is sometimes stated .in that form. It is a rule whereby we require a change of possession to accompany sales and mortgages of personal property, in order to perfect the title as against creditors of the vendor or mortgagor. The ground indeed of the rule is the presumption arising from such retention of possession that the conveyance is a sham. But our law does not leave the question open as one of fact, but . gives to the want of change of possession an artificial value, and thus far is a rule of positive law, and not of evidence merely. But this rule of ours does not, as such, apply to property located without the jurisdiction of the state. We claim no right to carry our law into adjoining states. It is familiar law that, in respect to personal property, the validity of transfers depends in general upon the place of the contract; sometimes, as in questions like the present which respect delivery of possession, the situs of the property is an important consideration. *Coote* v. *Jecks*, 13 Law Rep. Eq., 597. These general rules are subject to the exception that every state must judge for itself how far it will give effect to the laws of other states. The property in dispute here being within our jurisdiction, our courts decide whether to apply to the case our own rules, or the laws of Massachusetts. We regard our own rule as a good one, and to be adhered to in respect to property within the limits of the state at the time of the contract, but we think the rule ought not to be applied to contracts made, as this appears to have been, in good faith, in another state, between citizens of that state, in relation to property there situate, with no purpose of being executed in Connecticut, or of evading our laws. It would certainly be very inconvenient if such mortgages, fairly made in Massachusetts, should be held invalid in Connecticut in respect to movable property, which may be daily passing to and fro along the dividing line between the states. Such mortgages have in practice been treated as valid here, and in the Superior Court have been in several instances decided to be so. In the Superior Court in the case of *Koster* v. *Merritt*, 32 Conn., 246, the same rule seems to have been adopted which

was adopted by the judge in this case in his charge to the jury.

We therefore advise no new trial.

In this opinion the other judges concurred.