## GRAVES *v.* ROGERS.

The assignee of a mortgage, having purchased the mortgaged premises and assumed the payment of the mortgage debt, afterwards representing the mortgage as valid and subsisting, and transferring it as such to a purchaser in good faith without notice of any defect, is estopped as against such purchaser from showing or insisting upon the fact of the payment of the mortgage debt, or claiming that the mortgage title has merged in the fee.

Such estoppel extends to a levying creditor of such purchaser of the mortgaged premises, claiming to hold the same under a levy made subsequent to the transfer of the mortgage.

WRIT OF ENTRY, on a mortgage given in 1872 by Roundy to Willard, sold by Willard to Bradford in 1873, and bought of Bradford in good faith, by the plaintiff, February 14, 1878. Bradford held a bond from Roundy for a deed of the land before he bought the mortgage, and Roundy executed a deed in 1873, but Bradford did not accept it until February 9, 1878, and it was recorded April 24, 1878. The deed contained the following clause : " These premises are subject to a mortgage to George Willard for one thousand dollars, which the said Bradford assumes and promises to pay as part consideration for this deed." When Bradford obtained the mortgage, he paid Willard the amount due on the note secured by it, and Willard endorsed the note "without recourse," and delivered the note and mortgage to Bradford, and Bradford transferred them to the plaintiff in the same manner. The defendant claims the land by virtue of the levy of an execution against Bradford, issued upon a judgment rendered February 21, 1878. The levy was commenced March 4, and completed July 22, 1878.

*Cushing* and *Parker*, for the defendant.

February 9, 1878, Bradford accepted Roundy's deed, and thereupon, by the terms of that deed, Roundy's note was paid and the mortgage discharged. The property became absolutely Bradford's, and March 4, 1878, the defendant's execution was levied upon it. The mortgage and note were sold by Bradford to Graves on the 14th of the same February. Up to that time Graves had no interest, equitable or otherwise. On the 9th of February, when the deed was accepted by Bradford, there were no interests and no equities to prevent the operation of that deed by virtue of the contract contained in it as a perfect satisfaction and payment of the note and discharge of the mortgage. The note was paid, and the mortgage was rendered void. *Benson* v. *Tilton*, 58 N. H. 137; *Bowman* v. *Manter*, 33 N. H. 530. On the 9th of February, 1878,

the land was absolutely the property of Bradford. The endorsement of the note without recourse, and the delivery of the note and mortgage to Graves five days afterwards, did not revive them, nor transfer the title to the land to Graves. Bradford could not divest himself of the title so as to defeat a subsequent attaching creditor in any other way than by deed duly executed and recorded.

*Burke* and *Colby*, for the plaintiff.

CLARK, J. "A purchaser of land subject to a mortgage, having paid the mortgage notes and afterwards obtained a loan upon them by representations leading to the belief that the mortgage was still a subsisting lien, is estopped from showing and insisting upon the fact of the payment of the notes. It would be a fraud on his part thus to contradict a statement to the injury of another who had been influenced to act upon the statement as true." Jones Mort., s. 947; *International Bank* v. *Bowen*, 80 Ill. 541; *Powell* v. *Smith*, 30 Mich. 451. It appears that the plaintiff purchased the Roundy mortgage of Bradford in good faith, before the defendant commenced his levy upon the land. As against the plaintiff, Bradford is estopped to deny the validity of the mortgage. Estoppels are binding upon parties and privies. The defendant, claiming title to the demanded premises under Bradford by virtue of the levy of his execution against him, is a privy in estate with him; and the levy being subsequent to the sale and assignment of the mortgage by Bradford to the plaintiff, the defendant is bound by the estoppel upon Bradford, and cannot question the validity of the plaintiff's mortgage. *Parker* v. *Crittenden*, 37 Conn. 148. The reasoning of the court in *Benson* v. *Tilton*, 58 N. H. 137, and *Bowman* v. *Manter*, 33 N. H. 530, is not applicable to the facts in this case, because in those cases there was no concealment of facts and no estoppel.

*Judgment for the plaintiff.*

DOE, C. J., did not sit: the others concurred.