MARY K. WALP *vs.* C. A. MOOAR ET AL. (LAMKIN & FOSTER).

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An entire stock of merchandise owned by *A*, an insolvent retailer in New Haven, was sold in New Haven to *B*, a New York dealer, in violation of the provisions of §§ 4868, 4869 of the General Statutes, which require such sales to be recorded, and in fraud of *A's* creditors, although it did not appear that *B* participated in the fraud. Three or four days later the plaintiff, who knew of *A's* insolvency and of his fraudulent purpose in selling to *B*, bought the goods of *B* in New York and shipped them back to New Haven for sale in her store there. *Held* that under the circumstances the plaintiff's purchase could not be regarded as having been made in good faith in New York, and in reliance upon the laws of that State; and therefore the goods upon their return to this State were again subject to attachment by *A's* creditors.

The statute (§§ 4868, 4869) being uniform in its operation, is not unconstitutional because of the limited number of persons, to wit, retail dealers, who are affected by it; nor does it deprive such persons of their property without due process of law. The legislature undoubtedly has power to adopt reasonable measures to prevent fraud in the sale of merchandise in this State, and the statute is clearly within that power.

The right of a creditor to attach property cannot be affected by the offer of a mere volunteer to pay the creditor's claim.

Argued January 21st—decided March 3d, 1904.

ACTION to recover damages for the conversion of a stock of goods, brought to the Superior Court in New Haven

County where a demurrer to the second defense of the answer was overruled (*Elmer, J.*), and one to the reply to such defense sustained (*Gager, J.*), and the case was then tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

After the decision of certain questions of law raised by demurrers to the pleadings, the case was tried to the court upon its merits, and the following facts found : —

On the 30th of September, 1901, W. G. Davidson and Company, who were conducting a retail shoe business in New Haven and were insolvent, sold their entire stock of merchandise, of the value of $3,500, to one Isaac Koch of Brooklyn, N. Y. Said sale, so far as Davidson and Company were concerned, was fraudulent and void as to creditors. As to Koch it is not found that the sale was fraudulent. Said sale was not made in writing and recorded within one day after the sale or delivery, as required by § 4868 of the General Statutes. On October 1st, 1901, the plaintiff saw the goods packed in cases at Davidson and Company's store, about to be loaded upon a van, and sent her clerk to Davidson and Company to learn if the goods could be bought, and if not, to whom they were to be sent, and having learned where and to whom the goods were consigned, wrote to Koch concerning the purchase of the stock, and upon receiving a reply, on October 4th went to the rooms of the Brooklyn Purchasing Syndicate in Brooklyn, N. Y., where said stock was exposed for sale, and purchased the same for $2,400. Said goods were shipped by plaintiff to her store in New Haven, where they arrived October 9th and were then placed by her on sale. Before making said purchase the plaintiff knew that Davidson and Company, while insolvent, had sold substantially all their stock to Koch, and that the sale had been made in fraud of their creditors. While the goods were in the plaintiff's store the defendants, on the 12th of October, attempted to attach them, and on October 31st, 1901, attached a part of them, as the goods of Davidson and Company, to secure payment of a claim of $425 for goods sold

by the defendants to Davidson and Company. The goods so taken by the defendants were of the value of $800. Upon these facts judgment was rendered for the defendants.

*Henry G. Newton* and *Bernard E. Lynch*, for the appellant (plaintiff).

*Cornelius J. Danaher*, for the appellees (defendants).

HALL, J. The defendants failed in the trial court to prove the allegation of their second defense, that the plaintiff purchased the goods in question from the fraudulent vendee of Davidson. The title of Koch, from whom the plaintiff purchased, was not impaired by the fraud of Davidson and Company, in which the defendant failed to prove that Koch participated. *Knower* v. *Cadden Clothing Co.*, 57 Conn. 202, 217. Koch's title, therefore, was only defective because made so by the provisions of General Statutes, § 4869, regarding the effect of a sale by a retail dealer in this State of the whole or a large part of his stock in trade, without a compliance with the requirements of § 4868 as to the manner of making and recording such sale. The plaintiff's title can only be defective for the same reason, since by her purchase from Koch she acquired at least as good a title as that of Koch, her vendor. Had she been a *bona fide* purchaser from him, she might have acquired even a better title than that of her vendor. *Parker* v. *Crittenden*, 37 Conn. 148, 152; *Williamson* v. *Russell*, 39 id. 406, 412.

The ultimate question, then, for our decision is, how was the plaintiff's title to these goods affected by the provisions of §§ 4868 and 4869?

We think the fair import of the finding is that the sale from Davidson and Company to Koch was made at New Haven. The record states that the sale to Koch was made on the 30th of September, 1901; that the goods immediately before that date were a part of Davidson and Company's stock of merchandise in his store in New Haven, and that they were not taken from the store and shipped to New

Walp v. Mooar.

York until October 1st. These statements, in the absence of any language in the finding indicating that the contract was made in New York, justify us in treating the sale as completed in this State on the 30th of September, when the goods were here, and therefore as a sale governed by the provisions of the statute above referred to.

But it is urged by the plaintiff that she derives her title by purchase from Koch in New York State, where the goods were exposed for sale; that as Koch was not a retail dealer, the sale by him was not one required, even by the laws of Connecticut, to be in writing and recorded; that if by the laws of this State the plaintiff's title is such that the goods are still liable to attachment by the creditors of Davidson and Company, they are not by the laws of New York; and that upon the principles of comity the same effect should be given in this State to the sale as would be given to it in New York.

We shall assume that after the plaintiff purchased the goods, they could not have been taken by the creditors of Davidson and Company, if the laws of New York are to be applied to the contracts of purchase. It is a "general principle, sanctioned and acted on in all civilized countries, that the laws of one will, by what is termed the comity of nations, be recognized and executed in another, where the rights of individuals are concerned. Therefore, the law of the place where a personal contract is made, is to govern in deciding upon its validity or invalidity; and a conveyance of personal property which is valid by that law, is equally effectual elsewhere. . . . The rule that the law of one nation will be carried into effect in the territories of another, is, however, subject to some exceptions;" and one is "that it will not be allowed to prevail where it will be manifestly injurious to the State where it is sought to be enforced, or to its citizens." *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 Conn. 583, 586. "The general rule of law is, that contracts made in one State, and valid by its laws, shall be deemed valid in every other State; provided, that the State, before whose courts the contract is attempted to be enforced, or its citizens, shall

not suffer any inconvenience by it; and that the consideration be not immoral; or that giving the contract effect will not have a bad tendency." *Vermont State Bank* v. *Porter*, 5 Day, 316, 320. "It is familiar law that, in respect to personal property, the validity of transfers depends in general upon the place of the contract; sometimes, as in questions like the present which respect delivery of possession, the situs of the property is an important consideration. . . . These general rules are subject to the exception that every State must judge for itself how far it will give effect to the laws of other States. The property in dispute here being within our jurisdiction, our courts decide whether to apply to the case our own rules, or the laws of Massachusetts." *Ballard* v. *Winter*, 39 Conn. 179, 182.

In giving the reasons why the law of this State ought not to be applied to the contract in question, in the case last cited, the court said that the contract appeared to have been made "in good faith, in another State, between citizens of that State, in relation to property there situate, with no purpose of being executed in Connecticut, or of evading our laws."

A marked difference is apparent between the circumstances surrounding the plaintiff's purchase from Koch, or the Brooklyn Purchasing Syndicate, which seems to be another name for Koch, and those described in the case of *Ballard* v. *Winter*, 39 Conn. 179. In the case at bar the property had been sold to Koch in Connecticut on the 30th of September, in violation of our statute requiring such sales to be in writing and recorded. The plaintiff, since she knew the circumstances of the sale before she purchased, was chargeable with knowledge that it was made in disregard of our laws, to the same extent that Koch was, and she knew the further fact of the fraudulent purpose of Davidson and Company, in making the sale. On the day after the sale, and while the goods were still in this State, the plaintiff commenced in Connecticut her efforts to make the purchase, which she three days later completed in the State of New York where the goods must have just arrived. After the purchase, the

plaintiff immediately reshipped the goods to New Haven, where she had at all times intended to use them, and where, within a few days after their arrival, the defendants attempted to attach them. Apparently the goods were in New York no more than a day before they were purchased by the plaintiff and shipped back to New Haven, some of the goods being in the same cases in which they were packed at the store of Davidson and Company. To constitute the plaintiff a *bona fide* purchaser she must have bought the goods of Koch " without notice of the claims of third parties thereto, and upon the faith that no such claims existed." *Hayden* v. *Charter Oak Driving Park*, 63 Conn. 142, 147. *Alden* v. *Trubee*, 44 id. 455, 459. Before the goods were removed from this State they were subject to attachment by the creditors of Davidson and Company, even after the purchase by Koch. The plaintiff purchased with knowledge of the insolvency of Davidson and Company and of the claims of their creditors upon these goods, and of the intention of Davidson and Company, by the sale to Koch, to place them beyond the reach of their creditors, and with the intention on her part of taking the goods to Connecticut. Having brought the property within this jurisdiction, she now asks our courts to protect it in her hands against attachment by the very creditors of whose claims to the property she had full notice before she purchased. We cannot regard the plaintiff's purchase as one made in good faith in New York, and in reliance upon the laws of that State. The purchase was made by her in bad faith and with the intention of at once placing the property within the operation of the laws of Connecticut. Having under these circumstances brought the goods into this jurisdiction, she is not entitled to receive from our courts protection against the creditors of Davidson and Company to any greater extent than Koch was before he removed the property from this State.

The Act under consideration is not unconstitutional, either as applying only to a particular class, namely, retail dealers, or as depriving such persons of their property with-

Walp v. Mooar.

out due process of law. A law which is uniform in its operation is not rendered invalid merely because of the limited number of persons who will be affected by it. The Act in question applies equally to all the people of the State who may engage in the business described. The limitation of the Act to retail dealers is not an arbitrary classification. The nature of the business described in the Act is such as to furnish those conducting it opportunities of secretly selling their entire stock to the injury of those from whom they have purchased it on credit. The purpose of the Act is to prevent fraud, and it is of the same general character as our laws requiring assignments of future earnings and conditional sales to be in writing and recorded. It in no way interferes with the conduct of any retail business in the usual manner. It applies only to sales not made in the ordinary course of business, and imposes no unreasonable burden upon the parties to sales of that character. The legislature has the undoubted power to adopt reasonable measures for regulating the sale of merchandise in this State so as to prevent fraud, and we think the Act under consideration is clearly within that power. *State* v. *Conlon*, 65 Conn. 478, 485; *Atwood* v. *Protection Ins. Co.*, 14 id. 555, 559; *McDaniels* v. *Connelly Shoe Co.*, 30 Wash. 549; *Neas* v. *Borches*, 109 Tenn. 398; *Squire & Co.* v. *Tellier*, (Mass.) 69 Northeastern Rep. 312.

The offer of the plaintiff at the time of the attempted attachment on the 12th of October, to pay the defendants' claim against Davidson and Company, was the act of a mere volunteer, and cannot affect the rights of the defendants in this action.

It is unnecessary to discuss the rulings made upon the demurrers, as practically the same questions were raised after all the facts were found, and were decided by the final judgment.

There is no error.

In this opinion the other judges concurred.