LOUIS M. GOLDSTEIN, *Plaintiff in Error*, v. NORVIN G. MALONEY, AS TRUSTEE IN BANKRUPTCY, *Defendant in Error*.

1. Great latitude is accorded to the law-making power in selecting and classifying subjects for statutory regulation, and if a classification made has a reasonable basis in real differences of practical conditions with reference to the subject regulated and is not merely arbitrary, it will not be regarded as

unjustly discriminatory and will not of itself be a denial of the equal protection of the laws.

2. A classification covering "every person who shall bargain for or purchase any stock of goods, wares or merchandise in bulk," apparently has a reasonable basis in practical differences in the conditions affecting those engaged in trade and such classification is not merely arbitrary nor patently an unjust discrimination among those who sell and buy.

3. Rules of evidence and procedure that are prescribed by the courts and by statutes, may be changed by statute when substantive rights secured by the constitution are not thereby invaded.

4. It is competent for the legislature to create by law *prima facie* presumption of evidence without denying due process of law where such presumptions may be a natural or reasonable inference from the facts or circumstances from which the presumptions are raised by the statute, and the opposite party is not deprived of the right to rebut the presumptions in some fair manner duly provided or accorded by the rules of law or procedure.

5. Where a statute regulating the sale of goods in bulk provides that a sale made without complying with the statute, "shall, as to any and all creditors of the vendor, be presumed to be fraudulent," the presumption is only *prima facie* and may be rebutted.

6. Where the evidence justifies a finding of the trial court that a sale of goods was "out of the usual or ordinary course of business or trade of the vendor," the finding will not be disturbed.

This case was decided by Division A.

Writ of error to the Circuit Court for Monroe County.

The facts in the case are stated in the opinion of the court.

*Jefferson Browne,* for Plaintiff in Error;

*W. Hunt Harris,* for Defendant in Error.

WHITFIELD, C. J.—Sarah R. Davis, a retail dealer in dry goods, being indebted in excess of her assets, on November 15th, 1910, sold to Louis M. Goldstein, her son-in-law, 448 pairs of shoes for $424.00, which was 10 per cent more than the invoice price of said shoes, there being other shoes left in the stock. The purchaser did not comply with the statute Chapter 5679, Acts of 1907, requiring a purchaser of "Any stock of goods, wares or merchandise in bulk" to give notice of the contemplated purchase to the creditors of the vendor or the purchase will be presumed fraudulent as to any and all creditors of the vendor. On November 16th, 1910, Sarah R. Davis was adjudged a bankrupt and the shoes were replevied by the trustee in bankruptcy. To the judgment in favor of the trustee in bankruptcy this writ of error was taken. It is contended that Chapter 5679 is unconstitutional and that the sale here is not within the statute. The statute is as follows:

### "CHAPTER 5679—(No. 84).

AN ACT to Regulate the Sale of Stocks of Goods, Wares and Merchandise in Bulk, and to Provide Certain Penalties Therefor, and for Other Purposes.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. It shall be the duty of every person who shall bargain for or purchase any stock of goods, wares or merchandise in bulk for cash or credit, before paying or delivering to the vendor any part of the purchase

price therefor, to demand and receive from the vendor thereof, and if the vendor be a corporation, then from the managing officer or agent thereof, a written statement under oath of the names and addresses of all the creditors of said vendor, together with the amount of indebtedness due or owing by the said vendor to each of such creditors; and it shall be the duty of such vendor to furnish such statement, whether he be a' wholesale or a retail merchant.

Sec. 2. Thereupon it shall be the duty of the purchaser, at least five (5) days before the completion of said purchase, or the payment therefor, to notify personally or by registered mail, each of said creditors of the said proposed sale, the price to be paid therefor, and the terms and conditions thereof.

Sec. 3. When any person shall purchase any stock of goods, wares, or merchandise in bulk and shall pay the price or any part thereof, or execute or deliver to the vendor thereof, or to his order, or to any person for his use, any promissory note, or other evidence of indebtedness, for said purchase price, or any part thereof, without having first demanded and receive from said vendor the statement under oath mentioned in Section one (1) of this act, and without first giving to each of the creditors whose names have been furnished by said vendor the notice provided for in Section two (2) hereof, such sale or transfer shall, as to any and all creditors of the vendor, be presumed to be fraudulent.

Sec. 4. Any vendor of a stock of goods, wares or merchandise in bulk, who shall knowingly or wilfully make or deliver, or cause to be made or delivered, any false statement or any statement of which any material portion is false, or shall fail to include the names of all his creditors in any such statement, as is required in Section one

(1) of this act, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than Five Hundred Dollars ($500.00), or by imprisonment for not more than six (6) months.

Sec. 5.   Any sale or transfer of a stock of goods, wares or merchandise out of the usual or ordinary course of business or trade of the vendor, or whenever thereby substantially the entire business or trade theretofore conducted by the vendor shall be sold or conveyed, or attempted to be sold or conveyed, to one or more persons, shall be deemed a fraudulent transaction or transfer in bulk in contemplation of this act; Provided, That nothing contained in this act shall apply to sales by executors, administrators, receivers or any public officer under judicial process.

Sec. 6.   All laws and parts of laws in conflict with this act are hereby repealed.

Sec. 7.   This act shall take effect upon its passage and approval by the Governor.

Approved May 27, 1907."

This statute was enacted under the police power of the State, the exercise of which power can be checked by the courts only when some provision or principle of the State or Federal Constitutions has been clearly violated.

Great latitude is accorded to the law-making power in selecting and classifying subjects for statutory regulation, and if a classification made has a reasonable basis in real differences of practical conditions with reference to the subject regulated and is not merely arbitrary, it will not be regarded as injustly discriminatory and will not of itself be a denial of the equal protection of the laws.

A classification covering "every person who shall bar-

gain for or purchase any stock of goods, wares or merchandise in bulk," apparently has a reasonable basis in practical differences in the conditions affecting and affected by those engaged in trade, and such classification is not merely arbitrary nor patently an unjust discrimination among those who sell and buy. The burdens imposed by the statute are merely incident to the regulation, and they are apparently not unreasonable. See John P. Squire & Co. v. Tellier, 185 Mass. 18, 69 N. E. Rep. 312; Walp v. Mooar, 76 Conn. 515, 57 Atl. Rep. 277; Thrope v. Pennock Mercantile Co., 99 Minn. 22, 108 N. W. Rep. 940, 9 Ann. Cas. 229; Young, Trustee, v. Lemieux, 79 Conn. 434, 65 Atl. Rep. 436, 20 L. R. A. (N. S.) 160 and notes. Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South. Rep. 398.

Rules of evidence and procedure that are prescribed by the courts and by statutes and not by the constitution may be changed by statute when substantive rights secured by the constitution are not thereby invaded. See Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680.

It is competent for the legislature to create by law *prima facie* presumptions of evidence without denying due process of law where such presumptions may be a natural or reasonable inference from the facts or circumstances from which the presumptions are raised by the statute, and the opposite party is not deprived of the right to rebut the presumptions in some fair manner duly provided or accorded by the rules of law or procedure. Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 Sup. Ct. Rep. 337; Mobile, Jackson & Kansas City R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. Rep. 136; Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 South. Rep. 814.

The statute merely provides that a sale without com-

pliance with its requirements "shall as to any and all creditors of the vendor, be presumed to be fraudulent." This is only a *prima facie* presumption raised from the relevant facts, and the presumption may be rebutted by due procedure under the law. The statute is not subject to the points made against its constitutionality.

There is no evidence that substantially the entire business or trade theretofore conducted by the vendor "was sold, but it is admitted that the stock of the vendor" was appraised at the time of the bankruptcy at something over $7,000.00; "therefore, unless the sale to Goldstein was "of a stock of goods, wares or merchandise out of the usual or ordinary course of business or trade of the vendor," the purchase is not within the provisions of the statute. It is agreed "That the said Sarah R. Davis was engaged in the retail business of dealer in dry goods, shoes, notions, etc., in the City of Key West on the 15th day of November, A. D. 1910." There is no other evidence as to the usual or ordinary course of the vendor's business, but from the agreed facts that she was a retail dealer in dry goods, shoes, notions, etc., the court trying the issues in replevin, a jury having been waived, was, under the circumstances, justified in finding that the sale to Goldstein was not in the usual or ordinary course of the vendor's business or trade. This being so, the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.