Bernard E. Dubin, Trustee in Bankruptcy (Estate of Angeline B. Phoenix) *vs.* Ralph G. Woolfson et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 5th—decided June 27th, 1933.

*Ralph G. Woolfson,* with whom, on the brief, was *Emanuel G. Goldstein,* for the appellants (defendants).

*Cyril Coleman,* with whom was *Bernard E. Dubin,* for the appellee (plaintiff).

HINMAN, J. For some time before January 3d, 1930, Fred Phoenix and Daniel Covello owned and operated as partners a grocery store located on Hudson Street, Hartford, in premises leased from month to month from Jerry Lettieri. On that date they sold the store, contents, and fixtures to Angeline B. Phoenix, wife of Fred Phoenix, and she assumed all obligations of the partnership as part consideration. The transaction was entirely oral, and no notice of intention to sell or bill of sale was filed in the office of the town clerk. Covello and Phoenix turned over possession of the store to her, Covello had no further connection with the store, and for the next three or four months Phoenix was employed elsewhere, but Angeline becoming ill, he helped her in the store thereafter until it was finally closed. At or after the time of the purchase Mrs. Phoenix notified some of the creditors of the partnership of the change of ownership, and bills, including rent to Lettieri, were thereafter paid with money of Angeline. Rent was so paid for the entire year of 1930 and up to March, 1931, but the rent for March and May, 1931, was not paid and on May 14th, 1931, Lettieri brought suit therefor against Fred Phoenix, and at the direction of his attorney, the defendant Woolfson, the constable attached the store and contents as the property of Fred Phoenix. On June 3d, 1931, Angeline B. Phoenix was adjudicated a bankrupt and listed as assets the store and its contents. On June 5th, 1931, Lettieri, having on May 22d obtained judgment by default against Fred Phoenix, caused the contents of the store to be sold on execution and the proceeds of the sale turned over to the defendant Woolfson. Mrs. Phoenix was the owner of the store and contents from January 3d, 1930, until she was adjudicated a bankrupt.

The finding of the foregoing facts is supported by

evidence and must stand. The further findings: that the landlord, Lettieri, was among those notified by Mrs. Phoenix of the change of ownership; that Mrs. Lettieri as the authorized agent of her husband, was notified of the purchase, and at times received the rent for her husband from Mrs. Phoenix; and that Lettieri, in January, 1930, knew that Mrs. Phoenix was the owner of the store, was not misled by any supposed or apparent ownership of Fred Phoenix, and did not accord him any credit on that basis, lack essential support from the evidence and must be eliminated.

The point determinative of this appeal is the soundness of the conclusion reached by the trial court that the status of Lettieri was not that of a creditor of Fred Phoenix within the meaning of § 4703 of the General Statutes and that he is not entitled to the benefit of the provisions thereof. The sale and transfer of the store and contents to Mrs. Phoenix clearly was within the scope of this statute, which requires that not less than fourteen nor more than thirty days prior to the sale the vendor shall cause notice as therein prescribed to be recorded in the town clerk's office, and provides that "any sale made in violation of any provision hereof shall be void as against any creditor, but the provisions of this section shall not apply to any sale, assignment or transfer when the instrument by which such sale, assignment or transfer was made has been filed for record at least fourteen days in the town clerk's office of the town in which such business was being conducted." Prior to 1915 the statute made such a sale void, unless the notice be recorded, only as against persons who were creditors at the time of the sale. Public Acts, 1913, Chap. 12. In 1915 (Public Acts, Chap. 119, § 1) any such sale of which the notice was not recorded was declared to be "void as against the creditors of [the] vendor." In place of this pro-

vision, that above quoted from § 4703 was substituted by Chapter 204 of the Public Acts of 1917.

The general purpose of this statute from its inception has been to protect creditors from prejudice through transfers of the ownership of retail businesses and similar establishments without notice to or knowledge of creditors. *Young* v. *Lemieux,* 79 Conn. 434, 441, 65 Atl. 436; *Walp* v. *Mooar,* 76 Conn. 515, 521, 57 Atl. 277. Originally, as we have noted, the protection accorded was confined to those who were creditors at the time of the transfer, but the effect of the amendments made in 1915 and 1917 was to extend the benefits at least to a creditor of the vendor in the situation of Lettieri. The 1917 amendment terminates this protection at the end of fourteen days after the filing for record of the instrument evidencing the transfer, but as no such evidence of the sale to Mrs. Phoenix was recorded at any time and the constructive notice which it would have afforded is lacking, the transaction continued to be subject to the infirmity attached to it by the statute and therefore void as to the claim of Lettieri against her husband for rent of the store premises. The finding as we have corrected it discloses no actual notice to Lettieri of the change of ownership, or facts negativing the continuance of credit to and charge against the husband indicated by the facts found and especially by the bringing of the action for the rent against him instead of against Mrs. Phoenix, as naturally he would have done had he known her to be the owner of the business and consequently the actual tenant of the store premises and debtor for the rent. Therefore, the conclusion that Lettieri is not entitled to the benefit of § 4703 of the General Statutes was erroneous.

There is error, the judgment is vacated, and the case is remanded to the City Court of the City of Hartford

with directions to enter judgment for the defendants on the complaint and for the plaintiff on the defendants' counterclaim.

In this opinion the other judges concurred.