Hillsborough, }
March 2, 1937. }

AMEY E. KEYES *v.* FRANCES BAIRD.

450

*C. Bradley Frost*, for the plaintiff.

*Harry P. Greeley*, for the defendant.

PAGE, J. It is unnecessary to dispose of the case upon the theory that the defendant's rights in the cart road depend solely upon the reservation contained in the deed from Caldwell to Hawkes. The defendant's predecessors in title were not parties to that deed, and there would be difficulty in implying the grant of an easement from Hawkes to strangers to that deed if no more than that deed were to be considered.

The master's general finding, that the reservation in the deed covers both lots and that the defendant has an easement in the cart road, is sustainable upon another theory. A general finding includes all special facts necessary to sustain it unless there are special findings that indicate the contrary. *Spaulding* v. *Mayo*, 81 N. H. 85, 86; *Eleftherion* v. *Company*, 84 N. H. 32, 35. From the master's findings certain inferences could fairly be made which are not negatived by any special finding.

These inferences of fact are as follows: Caldwell bought lot No. 2 for Hawkes at her special request. He was merely a conduit for the passing of title from the defendant's predecessors in title to Hawkes. Hawkes was a party to the transaction of Caldwell with those who were using the cart road over lot No. 1 and who wished to continue its use. She knew that lot No. 1 would not be deeded to her by Caldwell except subject to the reservation of the right to such use. She

consented to the reservation provided Caldwell should procure lot No. 2 for her. She and Caldwell both intended that the reservation should be made, and the grantors of lot No. 2 knew of their intention and that Hawkes had conditioned her consent to the easement upon her acquiring from them, through Caldwell, title to lot No. 2.

As a result of the passing of title in the manner mentioned, the parties all intended that the defendant's predecessors in title and their heirs should have the easement. Whatever the difficulty of effectuating that intention on the theory of an implied grant by Hawkes to them in sole consequence of the deed from Caldwell to Hawkes, to which they were technically not parties, the actual relationship and intent of all the parties, including the deeding of lot No. 2 to Hawkes' grantor at her request and in reliance upon her expressed intent to take both lots subject to the cart way resulted in Hawkes being equitably estopped to deny the easement that she admitted as an inducement for action by the predecessors in title of the defendant. Hawkes' successors in title, including the plaintiff, have all taken title by deeds giving them notice of the reservation. The estoppel, therefore, runs against the plaintiff. *Graves* v. *Rogers*, 59 N. H. 452.

A variation of the argument enforces the result. The defendant's predecessors in title in effect agreed with Caldwell, who was the go-between for Hawkes, to deed lot No. 2, with the reservation of a right of way, provided Caldwell or Hawkes would give them a right of way over lot No. 1. Caldwell attempted to deed the way over lot No. 1 by the reservation in his deed to Hawkes. Whether the intent of the parties could be effectuated by that reservation, need not be decided. If it could not be, Hawkes received more than she bargained for. In any event, her successors in title may not equitably claim freedom from the easement over lot No. 1, subject to which each of them bargained for the land. If there were a mutual mistake as to the means to be chosen for effectuating the intention of Caldwell, Hawkes and the defendant's predecessors in title, the deed would be as properly reformable in equity as if the parties had mistakenly described the premises.

If the defendant should file a counter-petition seeking an order that the plaintiff convey the right of way to the defendant, to the end that a marketable title be secured, the petition ought to be granted.

*Exception overruled.*

BRANCH and WOODBURY, JJ., concurred in the result: the others concurred.