(No. 11423.—Decree affirmed.)

THE WESTFALLS STORAGE, VAN AND EXPRESS COMPANY *et al.* Plaintiffs in Error, *vs.* THE CITY OF CHICAGO, Defendant in Error.

*Opinion filed October 23, 1917.*

1. CONSTITUTIONAL LAW—*power of legislature to classify persons or objects.* The legislature may classify persons or objects for the purpose of legislative regulation and control, provided the classification is not an arbitrary one and is based upon some substantial difference bearing a proper relation to the classification.

2. MOTOR VEHICLES—*license fees for motor vehicles and horse-drawn vehicles may be different.* The difference between motor vehicles and horse-drawn vehicles furnishes a reasonable basis for classification as to license fees fixed by an ordinance passed under the authority of section 12 of the Motor Vehicle law.

3. ORDINANCES—*the Chicago motor vehicle ordinance is not invalid.* The Chicago motor vehicle ordinance is not invalid because it imposes a greater license fee on motor vehicles than upon horse-drawn vehicles; and this is true even though the ordinance be regarded as a revenue measure, only.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

WILLIAM A. JENNINGS, for plaintiffs in error.

SAMUEL A. ETTELSON, Corporation Counsel, (CHESTER E. CLEVELAND, and FRANK D. AYERS, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a bill for injunction filed by plaintiffs in error in the superior court of Cook county, alleging that they were engaged in operating motor trucks over and upon the public streets of the city of Chicago for hire, and that said city had enacted and was enforcing an ordinance under the

provisions of which horse-drawn vehicles used as public carts are required to pay a much less license fee for using said streets than are motor trucks; that said ordinance imposes upon the owners and operators of motor carts or trucks much greater license fees than upon the owners and operators of horse-drawn carts, and that no reason exists for singling out motor trucks from the class to which they belong and subjecting them to the regulation from which public horse-drawn carts are exempt; that there are about 8000 motor trucks being used in said city, only a portion of which come under the description in said ordinance, and about 20,000 public carts, such as trucks and wagons drawn by animal power, that are practically used for the same purpose as are plaintiffs in error's motor trucks. A general demurrer was filed to the original and amended bills herein, and a decree was entered by the court sustaining the demurrer and dismissing the bill for want of equity. The case has been brought to this court by writ of error.

Plaintiffs in error insist here, as they did in the trial court, that this is a revenue measure and must be general in its application and apply to all persons in the same class. Whether it is for revenue only is immaterial if the fee and classification are otherwise proper and legal. (*Harder's Storage Co.* v. *City of Chicago,* 235 Ill. 58; *Banta* v. *City of Chicago,* 172 id. 204.) The classification provided for in the ordinance here questioned has been sanctioned, in terms, by the express wording of section 12 of the Motor Vehicle statute enacted in 1915, (Laws of 1915, p. 592,) and the constitutionality of this statute on this point has been, in effect, sustained by this court in several cases. *City of Chicago* v. *Francis,* 262 Ill. 331; *City of Lincoln* v. *Dehner,* 268 id. 175; *Graham* v. *Hagmann,* 270 id. 252; *Heartt* v. *Village of Downers Grove,* 278 id. 92.

Motor vehicles have been classified separately from horse-drawn vehicles and have been the subject of separate legislation ever since they came into general use. Their de-

parture in character, use and speed from horse-drawn vehicles has been so great as to justify such classification, even though there is some similarity in weight, length and use between the motor trucks and the kind of horse-drawn vehicles employed by public cartmen for commercial purposes. Motor trucks, traveling for longer distances in shorter time, are more dangerous because of greater speed and the heavier loads carried, and courts can take judicial knowledge that they do more damage to the surface of the streets and therefore might very reasonably be required to pay a greater tax than a horse-drawn vehicle. The question of reasonable classification is primarily for the legislative branch of the government and only becomes a judicial question when such legislative action is clearly unreasonable. The legislature may classify persons or objects for the purpose of legislative regulation and control, provided such classification is not an arbitrary one and is based upon some substantial difference bearing proper relations to the classification. (*People* v. *Schenck,* 257 Ill. 384.) In *City of Chicago* v. *Kluever,* 257 Ill. 317, this court, in referring to all motor vehicles, said (p. 324) : "These ponderous vehicles, driven by powerful engines, are a menace to the public safety unless managed and driven by persons who are competent and qualified to operate them. Those used for transporting heavy merchandise are practically engine-driven freight cars." The separate classification of motor vehicles, so far as we are advised, has always been upheld by decisions and text books as reasonable. (See as bearing on this question, *Jackson* v. *Neff,* 64 Fla. 326; *State* v. *Swagerty,* 203 Mo. 517; *State* v. *Finch,* 78 Minn. 118; Babbitt on Motor Vehicles,—2d ed.—sec. 177; McQuillin on Mun. Ordinances, sec. 424.) Under the wording of our statute and the decisions of this and other courts there can be no question that the difference between motor-driven and horse-driven vehicles furnishes a reasonable basis for classification as to license fees.

On reason and authority we consider the classification here questioned not unreasonable or arbitrary, and therefore the decree of the superior court must be affirmed.

*Decree affirmed.*

---

(No. 11436.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAKE FALKOVITCH, Plaintiff in Error.

*Opinion filed October 23, 1917.*

1. CRIMINAL LAW—*an indictment for manslaughter need not allege that the killing was willful.* An indictment for manslaughter, under the statute, need not charge that the killing was both felonious and willful.

2. SAME—*an indictment for manslaughter need not allege particular kind of motor vehicle with which killing was accomplished.* The term "motor vehicle" has been given a definite meaning by the statute, and in a manslaughter case, where the deceased was run over by an automobile, the indictment need not describe the particular character or kind of motor vehicle with which the killing was accomplished.