## INTERSTATE BUSSES CORPORATION v. BLODGETT, State Tax Com'r of Connecticut, et al.

District Court, D. Connecticut.   January 4, 1927.

No. 1862.

1. **Commerce** ⬤➡63—State statute, imposing mileage tax on interstate carriers of passengers by motor bus, for use of highways, held not to impose unconstitutional burden on interstate commerce (Pub. Acts Conn. 1925, c. 254, pt. 2).

Pub. Acts Conn. 1925, c. 254, pt. 2, requiring interstate carriers of passengers by motor bus to pay an annual excise tax of one cent per mile for the total number of miles of highway in the state over which its vehicles operate, *held* not to impose an unlawful burden on interstate commerce, in violation of the commerce clause of the Constitution, but a valid exercise of the taxing power of the state to exact compensation for the use and wear of its highways and contribution to their upkeep.

2. **Commerce** ⬤➡63—State may employ different methods of taxation for use of its highways by intrastate and interstate motor bus carriers.

A state has power to exercise a reasonable discretion in providing different methods of taxation for use of its highways by intrastate and interstate carriers of passengers by motor bus, provided the classification is reasonable, as where the intrastate carriers are subjected to a comprehensive system of regulation and licensing, which is not applied to interstate operators.

3. **Commerce** ⬤➡63—State may impose excise tax on use of government-aided highways in interstate commerce.

That the United States government, under the federal highway aid legislation, has aided in construction of highways within a state, does not deprive the state of power to impose an excise tax for use of such highways in interstate commerce.

4. **Constitutional law** ⬤➡68(4)—Courts may not revise state's tax system to effect more just distribution.

Courts may not revise the system of taxation of states to secure a more just distribution of the burdens.

In Equity. Suit by the Interstate Busses Corporation against William H. Blodgett, Tax Commissioner of the State of Connecticut, and others, to restrain the defendants, as officers of the state of Connecticut, from enforcing chapter 254 of the Public Acts of 1925, because it is in conflict with section 8, art. 1, of the United States Constitution. On motion for preliminary injunction. Denied.

Before MANTON, Circuit Judge, and THOMAS and CAMPBELL, District Judges, holding court pursuant to section 266 of the Judicial Code (Comp. St. § 1243).

Edward H. Kelly, of Hartford, Conn., for plaintiff.

Frank E. Healy, Atty. Gen., for the State of Connecticut.

Stoddard, Goodhart, Wetzler & Persky, of New Haven, Conn. (S. F. Wetzler, of New Haven, Conn., of counsel), for defendants.

MANTON, Circuit Judge. The complainant is a corporation organized under the laws of the state of Connecticut, with its principal place of business in that state. It is engaged in interstate commerce in the transportation of passengers for hire between Connecticut and cities in Massachusetts and Rhode Island. The defendants are public officers of the state of Connecticut, and perform duties pursuant to section 1245 of the General Statutes of Connecticut.

[1] In June, 1925, an act was passed by the Connecticut Legislature providing an excise on the use of public highways by public service motor busses. Chapter 254 of the Public Acts of 1925. Part 2, § 4, of this chapter, which is applicable to the plaintiff as an interstate carrier of passengers, imposes a tax or excise of one cent a mile for the total number of miles of highway over which motor vehicles operate in interstate commerce. It provides that—

"The owner of each motor vehicle which is operated over any highway in the state for the purpose of carrying passengers from a point outside the state to another point outside the state, from a point outside the state to a point within the state or from a point within the state to a point outside the state, shall, annually, on or before the thirty-first day of March, file with the tax commissioner, on blanks to be prescribed by him, a sworn statement, of the name and address of such owner, the number of miles of highway in the state over which such motor vehicle shall have been operated during the year ending the thirty-first day of the last preceding December and such other information as said commissioner shall require, and shall pay to the treasurer, as an excise on the use of such highway, one cent for each mile so used."

Protection against this enactment is sought through the constitutional provision—clause 3, § 8, art. 1—which provides that Congress shall have the power to regulate commerce with foreign nations, among the several states, and with Indian tribes. The contention is that this tax imposes an unlawful burden upon interstate commerce, and the prayer of the complaint seeks to enjoin the public officers from enforcing the terms of the statute. There is also a prayer for relief based

ed upon the theory that this legislation is in conflict with the Fourteenth Amendment of the Constitution, as depriving the complainant of its property without due process of law. On the argument and in the briefs, this latter contention is not pressed, and plaintiff places its sole reliance upon the alleged conflict with section 8, art. 1, of the federal Constitution. If the law be unconstitutional, the right to maintain this suit as a restraint on enforcement is well recognized.

The Legislature of Connecticut, in the enactment of its motor vehicle laws, has enacted a comprehensive scheme of supervision and control by the state, in so far as concerns the motor vehicle carriers doing intrastate business, and it is conceded that they do not apply to interstate carriers. But by the enactment here attacked a tax, as an excise, is imposed upon the interstate carrier. By the Connecticut law, the intrastate carrier is subject to the jurisdiction of its Utilities Commission, and its rules and regulations announce routes, fares, speeds, schedules, continuity of service, and the convenience and safety of passengers and the public. Such carrier may only engage in business after having obtained a certificate of public convenience and necessity from the commission, specifying the route to be covered and the service to be rendered. Townships, cities, and boroughs, touched by such operation, are permitted to be heard. Certificates are subject to amendment and revocation. Fines for violation of the law, regulations, and orders are issued; carriers are required to register their cars; insurance or surety bonds are required, indemnifying against injury to person and property.

The interstate carrier is subject only to pay the mileage tax above referred to. He selects his own routes and roads at will. He may travel them as often as he wishes, as the calls of his business may require. He fixes his rates of traffic and contributes nothing toward the upkeep of the roads or the building of new ones. He carries no insurance, by regulation of law, for the benefit of those who suffer injury to person or property, and he is not required to report to the public officials in any manner, except by the command of the present enactment. If the state is permitted to impose the excise tax referred to, it is in no sense a discrimination against interstate commerce. On the contrary, it is a means of creating equality of the burden of taxation exacted and the burden of road use and damage thereto.

It was pointed out in Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385, that the movement of motor vehicles over

the highways is abnormally destructive to the ways themselves, and that success depends upon good roads, the construction and maintenance of which was extensive, and that there are in recent years insistent demands made upon the states for better facilities, especially by the ever-increasing number of vehicles using them. In that case, the court said that, in view of its many decisions, there could not now be a serious doubt that, where a state at its own expense furnished special facilities for the use of those engaged in commerce, interstate as well as domestic, it could exact compensation therefor. The amount of the charges and the method of collection was held to be primarily for determination by the state, and as long as they are reasonable, and are fixed according to some uniform, fair, and practical standard, they constitute no burden on interstate commerce—citing, O. R. Transp. Co. v. Parkersburg, 107 U. S. 691, 2 S. Ct. 732, 27 L. Ed. 584; Huse v. Glover, 119 U. S. 543, 7 S. Ct. 313, 30 L. Ed. 487; the Minnesota Rate Cases, 230 U. S. 352, 33 S. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18.

In Kane v. State of New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222, the Supreme Court again stated that "the power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained. It extends to nonresidents as well as to residents. It includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to ensure safety. And it is properly exercised in imposing a license fee graduated according to the horse power of the engine."

The theory of the tax imposed by statute here is consistent with the rulings of these cases. The case is one for the use of special privileges and facilities afforded by the public highways of the state, and for enjoyment of these facilities and privileges the state may tax both intrastate and interstate commerce. It is required, however, that the tax be in reasonable relation to the privilege. As long as the discretion exercised by the state goes to the point of exerting its taxing powers in proportion to and adjusting the scheme, basis, and amount of the tax to the possible extent and result of the use of the roads, it is not an interference against interstate commerce.

The state, however, may not enact a statute which requires an interstate carrier of passengers by motor bus to secure a certificate from its director of public works, to estab-

lish the public convenience and necessity requiring the operation of busses. And this, for the reason that such regulation is not one to secure safety on the highways, or to conserve them, but is a prohibition of competition as applied to one desirous of using the highways as a common carrier of passengers. This is a violation of the commerce clause. Buck v. Kuykendall, 267 U. S. 310, 45 S. Ct. 324, 69 L. Ed. 623, 38 L. R. A. 286; Bush & Sons Co. v. Maloy, 267 U. S. 317, 45 S. Ct. 326, 69 L. Ed. 627. Interstate business must pay its way, and the expenses to others incident to the use of it. Postal Telegraph Cable Co. v. Richmond, 249 U. S. 259, 39 S. Ct. 265, 63 L. Ed. 590; Delaware Railroad Tax Case, 18 Wall. 222, 21 L. Ed. 888.

It is argued that a discrimination is accomplished between interstate and intrastate traffic by reason of an exemption from other forms of taxation granted under section 6, part 1, of the enactment. It provides the cost imposed by the provisions of part 1 of this act "shall be in lieu of all other taxes upon the intangible personal property exclusively owned, leased or used by such company in the conduct of such business, and of its rights, franchises, funded and floating debt, money and credits, accounts and bills receivable and shares of stock of any such company organized in this state, but the provisions hereof shall not be construed as exempting any company from complying with the provisions of the law relating to the fees payable to the motor vehicle commissioner for the licensing or registration of motor vehicles, and all busses employed in the business of any such company shall be subject to the statutes of this state pertaining to the operation, control and use of such vehicles upon the public highways." By section 7 it is provided: "No company subject to the provisions of part 1 of this act shall be subject to the provisions of chapter 73 of the General Statutes as amended." And chapter 73 provides for the taxation of miscellaneous corporations, in which classifications are included motor vehicle operators for hire, the tax imposed being 2 per cent. of the income return for federal taxation.

Both intrastate and interstate operators, if Connecticut corporations, are subject to taxation as miscellaneous corporations until chapter 254 of the Laws of 1925 became effective, and the argument is that the intrastate operators are exempt from this 2 per cent. and all other forms of taxation while interstate operators are subject to all the forms they were subject to before, in addition to one cent per mile; that is, that the intrastate traf-

fic is favored as against interstate. But the complainant here is a corporation of Connecticut, and a commutation of section 6, part 1, of this chapter adds nothing to the already existing commutation of chapter 73 of the General Statutes of Connecticut of 1918. As a Connecticut corporation, it obtains the commutations granted. Nothing is lost to the complainant by reason of chapter 254 to extend to part 2, or the commutation of section 6, part 1, and it cannot, therefore, argue the unconstitutionality of the statute, for it is not affected unjustly or deprived of any constitutional right.

[2] The state has the power to exercise reasonable discretion to impose different taxes upon different trades and professions. Armour Packing Co. v. Lacy, 200 U. S. 226, 26 S. Ct. 232, 50 L. Ed. 451. To be a reasonable and therefore proper classification, it is sufficient to find that there was reason for the classification made of interstate motor vehicle carriers. It must not be arbitrary or vindictive. Classification is permissible which has a reasonable relation to some permitted end of government action. Heisler v. Thomas Colliery Co., 260 U. S. 245, 43 S. Ct. 83, 67 L. Ed. 237. If it is not palpably arbitrary, but is uniform within the clause, it is within the range of legislative discretion allowed by the federal Constitution. Mutual Loan Co. v. Martell, 222 U. S. 225, 32 S. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529. Even if we differed with the Legislature regarding the soundness or wisdom of the policy which forms the basis of the classification made in this legislation, we may not interfere with the legislative discretion in this respect, for there is reason enough for the classification supporting the argument that it was reasonable to the Legislature.

The similarity in purpose and use between intrastate and interstate motor vehicle carriers will not preclude a separation of the classification. There are differences reasonably distinguishing one from the other in their relation to the purposes of the tax, which is compensation for the use of the roads and reimbursement for the damage done to the roads. Both carry passengers and use the roads. In one case, the state plainly has the authority to regulate the operation of busses and the use of the roads, and in the other the whole operation is in the control of the operators. Classification based on different standards are found in the cases and have won judicial support, and this from the fact of this relation to compensation for the use and damage to the highways. State v. Kozer, 116 Or.

581, 242 P. 621; Ex parte Schuler, 167 Cal. 282, 139 P. 685, Ann. Cas. 1915C, 706; McReary v. Holm, 166 Minn. 22, 206 N. W. 942; Liberty Highway Co. v. Michigan, etc. (D. C.) 294 F. 703; Nolen v. Riechman (D. C.) 225 F. 813; Westfalls Storage, Van & Exp. Co. v. Chicago, 280 Ill. 318, 117 N. E. 439. Classification being a valid means to the end, the practical factors referred to, underlying the scheme of classification, to support the reasonableness of it, the method of taxation was discretionary with the state and therefore permissible. Kane v. New Jersey, supra.

[3] It is argued that the Federal Highway Act Aid Legislation, to the states who have accepted the aid, deprived them of the power to impose excise upon the use of the highways; but this purpose of Congress, that state highways shall be open to interstate commerce, was not intended to and cannot affect the respective rights of state governments to require the interstate operator to share the expense of maintaining the road while he is using them. Bush & Sons Co. v. Maloy, 267 U. S. 317, 45 S. Ct. 326, 69 L. Ed. 627; Liberty Highway Co. v. Michigan, etc. (D. C.) 294 F. 703.

Nor is the act invalid because of the amount of the tax. The argument is that the tax and fees properly charged to the complainant, when added to the tax and fees properly charged to the complainant in other sections, results in making the tax exorbitant and confiscatory. The tax, standing alone, is not attacked in this respect, but only as to its alleged defect in connection with other tax charges. The effort is to invalidate this tax because of its amount, not because it is unreasonable. It is said to become so when added to other taxes. No claim is made that the other taxes are invalid.

[4] The courts may not revise the system of taxation of states, for the purpose of producing a more just distribution of the burdens of taxation. That subject is within the province of the state Legislature, and it is with that Legislature that redress must be had. It is only where the tax clearly results in palpable inequality between the burden imposed and the benefit received, and amounts to the arbitrary taking of property without compensation, that the Fourteenth Amendment can be said to be violated. Dane v. Jackson, 256 U. S. 599, 41 S. Ct. 566, 65 L. Ed. 1107; The federal Constitution does not invalidate a state excise tax because of its destructive amount. Alaska Fish Salting & By-Prod. Co. v. Smith, 255 U. S. 49, 41 S. Ct. 219, 65 L. Ed. 489; Ohio Tax Case, 232 U. S. 593, 34 S. Ct. 372,

58 L. Ed. 737. The reasonableness of an excise tax for revenue does not depend upon whether a hardship may be worked in a single case, but upon the general operation of them all in the class to which it applies.

We are satisfied that the statute here considered is not in conflict with any of the provisions of the federal Constitution. The arguments offered do not sustain the contentions of invalidity. The motion for an interlocutory injunction, as prayed for in the bill of complaint, is denied.