4 U.S. 14 (1800)
4 Dall. 14
Cooper
versus
Telfair.
Supreme Court of United States.
February 13, 1800.
*16 The case was argued by E. Tilghman, for the plaintiff, and by Ingersoll and Dallas, for the defendant.
*18 On the 13th of February 1800, the Judges (except the Chief Justice, who had decided the cause in the Circuit Court) delivered their opinions, seriatim, in substance as follows:
WASHINGTON, Justice.
The constitution of Georgia does not expressly interdict the passing of an act of attainder and confiscation, by the authority of the legislature. Is such an act, then, so repugnant to any constitutional regulation, as to be excepted from the legislative jurisdiction, by a necessary implication? Where an offence is not committed within some county of the state, the constitution makes no provision for a trial, neither as to the place, nor as to the manner. Is such an offence (perhaps the most dangerous treason) to be considered as beyond the reach of the government, even to forfeit the property of the offender, within its territorial boundary? If the plaintiff in error had shown, that the offence, with which he was charged, had been committed in any county of Georgia, he might have raised the question of conflict and collision, between the constitution and the law: but as that fact does not appear, there is no ground on which I could be prepared to say, that the law is void. The presumption, indeed, must always be in favour of the validity of laws, if the contrary is not clearly demonstrated.
CHASE, Justice.
I agree, for the reason which has been assigned, to affirm the judgment. Before the plaintiff in error could claim the benefit of a trial by jury, under the constitution, it was, at least, incumbent upon him to show, that the offence charged was committed in some county of Georgia, in which case alone the constitution provides for the trial. But even if he had established that fact, I should not have thought the law a violation of the constitution. The general principles contained in the constitution are not to be regarded as rules to fetter and controul; but as matter merely declaratory and directory: for, even in the constitution *19 itself, we may trace repeated departures from the theoretical doctrine, that the legislative, executive, and judicial powers, should be kept separate and distinct.
There is, likewise, a material difference between laws passed by the individual states, during the revolution, and laws passed subsequent to the organization of the federal constitution. Few of the revolutionary acts would stand the rigorous test now applied: and although it is alleged that all acts of the legislature, in direct opposition to the prohibitions of the constitution, would be void; yet, it still remains a question, where the power resides to declare it void? It is, indeed, a general opinion, it is expressly admitted by all this bar, and some of the Judges have, individually, in the Circuits, decided, that the Supreme Court can declare an act of congress to be unconstitutional, and, therefore, invalid; but there is no adjudication of the Supreme Court itself upon the point.[(1)] I concur, however, in the general sentiment, with reference to the period, when the existing constitution came into operation; but whether the power, under the existing constitution, can be employed to invalidate laws previously enacted, is a very different question, turning upon very different principles; and with respect to which I abstain from giving an opinion; since, on other ground, I am satisfied with the correctness of the judgment of the Circuit Court.
PATERSON, Justice.
I consider it as a sound political proposition, that wherever the legislative power of a government is undefined, it includes the judicial and executive attributes. The legislative power of Georgia, though it is in some respects restricted and qualified, is not defined by the constitution of the state. Had, then, the legislature power to punish its citizens, who had joined the enemy, and could not be punished by the ordinary course of law? It is denied, because it would be an exercise of judicial authority. But the power of confiscation and banishment does not belong to the judicial authority, whose process could not reach the offenders: and yet, it is a power, that grows out of the very nature of the social compact, which must reside somewhere, and which is so inherent in the legislature, that it cannot be divested, or transferred, without an express provision of the constitution.
The constitutions of several of the other states of the union, contain the same general principles and restrictions; but it never was imagined, that they applied to a case like the present; and to authorise this Court to pronounce any law void, it must be a clear and unequivocal breach of the constitution, not a doubtful and argumentative implication.
*20 CUSHING, Justice.
Although I am of opinion, that this Court has the same power, that a Court of the state of Georgia would possess, to declare the law void, I do not think that the occasion would warrant an exercise of the power. The right to confiscate and banish, in the case of an offending citizen, must belong to every government. It is not within the judicial power, as created and regulated by the constitution of Georgia: and it naturally, as well as tacitly, belongs to the legislature.
By the COURT:
Let the judgment be affirmed with costs.
NOTES
[(1)] The point has since been decided affirmativel by the Supreme Court in Marbury v. Madison, 1 Cranch's Rep. 137. See Dall. Rep.