ROBERT B. ASHWELL *vs.* THE MASONIC PROTECTIVE ASSOCIATION.

First Judicial District, Hartford, May Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS AND BURPEE, JS.

The plaintiff brought suit against the defendant on a policy of insurance, which provided indemnity for disability caused by accidental injury or by sickness, claiming indemnity for disability for a week from sickness from poisoning, and for several weeks from accidental injuries from burns. The policy required proofs of loss to be furnished within a specified time. No proofs of loss for anything other than the sickness were ever furnished. Some time after recovery, the plaintiff, in a letter to the defendant concerning his claim, referred to his burns, and the defendant replied stating that the claim came under the clause of the policy referring to sickness,

and asking for further information in order to make the correct computation. *Held* that there could be no recovery for disability from accidental injury without compliance with the requirements as to proof of loss, and that the association's letter could not be considered as a waiver—which the plaintiff had not pleaded—since it in no way showed the "intentional relinquishment of a known right."

Without moving to correct the finding, the plaintiff obtained the printing of the evidence as a part of the record. *Held* that the finding must be taken as a correct statement of the facts involved, and that the evidence was not to be considered in this court; but that if the evidence were to be considered, it would appear that the trial court, disregarding all technicalities with the defendant's consent, had given the plaintiff all the allowance, both on account of accidental injuries and on account of sickness, to which the facts submitted by him at the trial would entitle him.

Argued May 3d—decided July 22d, 1921.

ACTION upon an insurance policy providing indemnity for disability caused by accidental injury or by sickness, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judgment rendered for the plaintiff for $124.97, from which the plaintiff appealed. *No error.*

The first clause of the policy of insurance issued to the plaintiff by the defendant provided for indemnity "resulting solely from accidental injuries due to violent, external and involuntary causes, . . . which shall alone and continuously from the date of the accident totally disable the insured."

In another clause, the defendant agreed to pay the insured stated sums during the time "that the insured is totally disabled and confined to his house or a hospital by sickness with a pronounced disease."

In the following clause it is stipulated that "disability resulting wholly or in part from . . . septic poisoning, other poisoning . . . shall be classified as sickness."

The complaint alleged that the plaintiff was totally disabled and confined to his home by poisoning from

June 20th to June 27th, 1918; that on June 27th, 1918, he was accidentally burned, and from that day to September 1st, 1918, he was totally disabled by a disability resulting solely from these accidental injuries, which alone and continuously totally disabled him, and that the plaintiff notified the defendant of these facts and otherwise complied with and performed all the conditions and requirements of the policy. These allegations the defendant denied.

The plaintiff also set up a claim that he was entitled to, and that he had made demand for, payment for total disability from June 27th to September 1st, 1918.

The defendant denied this claim, admitted this demand, and set up that it had offered to pay to the plaintiff whatever was due to him under the terms of the policy according to the proofs of loss presented by him; and also filed an offer to allow the plaintiff to take judgment for $150.

The amount of the judgment rendered by the Court of Common Pleas was made up by allowing indemnity for disability caused by sickness during a part of the time, and by accidental injury during another part of the time.

*Edward J. Daly*, for the appellant (plaintiff).

*Alvan Waldo Hyde*, for the appellee (defendant).

Burpee, J. There is no contested question of law involved in this case. Since the appellant has filed no motion to correct the finding of facts made by the trial court, it must be taken as a correct statement of the facts involved. *Gaucso v. Levy*, 89 Conn. 169, 93 Atl. 136.

The plaintiff claimed that he was entitled to payment for total disability resulting from accidental injury from

June 27th to September 1st, 1918. By the contract of insurance, payment of indemnity was expressly subject to all conditions and limitations therein contained. One of these provisions stipulated that "affirmative proof of loss must be furnished" to the defendant at its office, in case of claim for disability, within ninety days after the termination of the period for which the defendant might be liable. The plaintiff alleged that in his case the period of liability terminated September 1st, 1918. The court has found that no proof of loss for disability by reason of injury was furnished by the plaintiff to the defendant before the trial, which took place on June 22d, 1920. Hence the plaintiff had no legal right to recover for disability resulting from the alleged injury. There is no basis for the second and third reasons of appeal, which are built upon the supposition that the defendant was "bound to indemnify the plaintiff," and that the plaintiff was "entitled to indemnity" for disability resulting from the accidental injury alleged in the complaint.

On September 5th, 1918, the plaintiff presented to the defendant his "final and complete proof of claim covering the disability which he had previously reported." In this he and his physician declared that his "disabling disease or ailment" was "poison ivy," and mentioned no disability resulting from accidental injury. The plaintiff claimed that in a letter dated September 20th, 1918, the defendant "waived its rights to stand" on these statements. This letter is not a part of the finding of facts, and therefore there is in the record no basis for this reason of appeal. But the letter appears among other evidence improperly certified and printed in the record, and we have read it in considering this assignment of error. We find in it that the defendant acknowledged the receipt of the plaintiff's final claim of loss, stated plainly that "the adjustment comes under clause

E of the policy," which provides only for indemnity for disability caused by sickness; and inquired how long the plaintiff had been kept entirely away from his business by his sickness, in order that it might compute "the correct period of confinement" under total or partial disability. Herein is no "intentional relinquishment of a known right." *Lee* v. *Casualty Co.*, 90 Conn. 202, 209, 96 Atl. 952. It is to be noted also that no issue of waiver was raised by the plaintiff in the pleadings, although the defendant set up that it had offered to pay to him "any sum due him under the terms of his policy in accordance with the proofs of loss presented by him." There is no merit in this reason of appeal.

We have said that no question of law is involved in this appeal. The facts found give indisputable and ample grounds for the judgment rendered. Since no exception to the finding was made, there was no reason to make the evidence a part of the record on appeal. But if we were called on to examine it, we should be compelled to decide that the subordinate facts are quite sufficient to justify the conclusions reached by the trial court. Indeed, it appears that that court, with consent of the defendant, disregarded all technicalities and received and considered all the evidence the plaintiff presented relating to the time, cause and particulars not only of his sickness, but also of his accidental injury, applied this evidence to the contract of insurance, and thus determined what the plaintiff was justly entitled to recover as indemnity for any disability caused either by sickness or by external injury. If the court made any error in law in applying the contract to the evidence, the appellant has not pointed it out, and we do not discover any. There is nothing in the record tending to support the material allegations of the complaint that the plaintiff had suffered any "disability resulting solely" from accidental burns, "which alone and continu-

ously . . . totally disabled" him, or that he had ever "duly notified the defendant " of any such claim. On the contrary, it is manifest that the plaintiff has recovered all that he was entitled to recover, either upon the information he submitted to the defendant in his proofs of loss, or the evidence he presented to the court.

There is no error.

In this opinion the other judges concurred.