DANIEL F. COTTER ET AL. *vs.* ROBBINS B. STOECKEL, COMMISSIONER OF MOTOR VEHICLES.

First Judicial District, Hartford, January Term, 1922. WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

Section 14 of the Motor-Vehicle Act of 1921 (Chap. 400, p. 3429) provides that "the registration number and certificate of registration of all jitneys shall, and of all public service motor vehicles may, be special." *Held* that such special registration, if required by the Commissioner of Motor Vehicles for public-service automobiles other than jitneys, involved the issuance by him of corresponding special number-plates or markers.

The statutory provisions respecting the condition and use of such automobiles, indicate the existence of a reasonable necessity for such registration and marking in the proper enforecment of the law.

The plaintiffs conducted a high-class motor livery business, and sought to restrain the Commissioner from registering their automobiles used in such service otherwise than as the cars of private individuals, alleging that their patrons would leave them and their business would suffer a substantial loss if their cars were marked as public-service vehicles. *Held:*—

1. That the statute, properly construed, did not vest any arbitrary discretion with the Commissioner to discriminate between individual owners of public-service automoblies not jitneys—as the plaintiffs contended—but, on the contrary, required him to treat all of them alike.

2. That the regulation of motor-vehicles and of motor-vehicle traffic by the legislature was obviously but an exercise by it of the police power of the State; and since the statute did not lead to the destruction or confiscation of the plaintiffs' property, nor prohibit their business, it could not be said to be unreasonable and therefore unconstitutional.

It is for the legislature to determine what the interests of public security and morals require for their protection, and within this field the legislative body necessarily has a large discretion.

Argued January 5th—decided February 21st, 1922.

SUIT to restrain the defendant from requiring the plaintiffs to register their motor-vehicles as public-service motorcars, and from requiring them to carry official number-plates indicating their character as such, brought to the Superior Court in Hartford County where a demurrer to the complaint was sustained *pro forma* (*Avery, J.*) and, upon the refusal of the plaintiffs to plead further, judgment was rendered for the defendant, from which the plaintiffs appealed. *No error.*

*Josiah H. Peck*, for the appellants (plaintiffs).

*Arthur E. Howard, Jr.*, and *John Buckley*, with whom, on the brief, was *Frank E. Healy*, Attorney-General, for the appellee (defendant).

CURTIS, J.   The plaintiffs for many years have conducted a livery business in Hartford, and since 1911 have used therein a high-class of motor-vehicles. They do not solicit upon the public streets or at cab stands, and do not furnish what is called a taxicab service.   Many of their patrons object to riding in a car in any way designated as a public-service vehicle, desiring to create the impression that the car used by them is their own car.   The demurrer concedes that number-plates which indicated that the plaintiffs' cars are public-service motor-vehicles, would cause a substantial loss of patronage and thus damage the plaintiffs.   Prior to the passage of the Motor-Vehicle Act of 1921 (Public Acts of 1921, Chap. 400), the plaintiffs registered their cars as passenger motor-vehicles, and received and used the markers issued to private cars.

The plaintiffs claim that the provisions of chapter 400 of the Public Acts of 1921, relating to the regulation of motor-vehicles of liverymen, used as the vehicles of plaintiffs are used, are unconstitutional and invalid, *first*, because they authorize a subordinate official, the Commissioner of Motor-Vehicles, to exercise an arbitrary discretion as to the registration and marking of motor-vehicles used as above described; and *second*, because the provisions of such Act are unreasonable.

Under prior Public Acts, cars used as the plaintiffs' cars were used, by liverymen, did not fall within any statutory definition of public-service motor-vehicles. Public Acts of 1919, Chap. 233, § 7; *State* v. *Shiffrin*, 92 Conn. 583, 103 Atl. 899.

The Public Acts of 1921 (Chapters 77 and 400) defined public-service motor-vehicles as including all motor-vehicles used for the transportation of passengers for hire.   Plaintiffs' motor-cars are public-

Cotter *v.* Stoeckel.

service motor-vehicles under this definition, without question.

Section 14 of Chapter 400 of the Public Acts of 1921, provides as follows as to public-service motor-vehicles. 1. The owner must file a special application for registration with the commissioner, under oath, containing his name, residence and post-office address; a description of the motor-vehicle owned by him, including the name of the maker; and such other information as the commissioner may require. 2. The commissioner may register such motor-vehicle as a jitney, or a public-service motor-vehicle other than a jitney; such a vehicle shall not be registered unless it is in a proper condition for carrying passengers and is equipped as required by law. 3. The registration and registration-number may be special. 4. The certificate of registration shall at all times be carried on the vehicle, and be subject to examination on demand by any person authorized by law. Section 21 of the Act provides that the operator shall have a special license. Section 22 provides that a special registration fee be paid and that the operator shall pay a special license fee. Section 36 provides that "the passenger compartment in any public-service motor-vehicle shall, if enclosed or partly enclosed, be so constructed as to give a free view of the interior," and that "no public-service motor-vehicles shall carry any person upon the running board, mudguard or hood." Section 12 provides that every motor-vehicle shall carry number-plates bearing the registered number of the vehicle. Section 13 provides for a distinguishing number and mark for the motor-vehicles of manufacturers, dealers and repairers.

Chapter 77, § 6, of the Public Acts of 1921, provides for special markers for jitneys. Section 14 of Chapter 400 provides that the registration-number

of public-service motor-vehicles not jitneys "may be special." This last provision clearly imports that if the Commissioner of Motor-Vehicles deems that it is essential to the proper performance of his duty to enforce the provisions of the statutory law relating to public-service motor-vehicles not jitneys, then he should give such vehicles a special registration-number and hence a special number-plate.

A consideration of the special provisions of the statutes as to fees, condition and use of such vehicles as recited above, indicates the reasonable necessity of such registration and marking for a proper enforcement of the law. The plaintiffs claim that the discretion given to the commissioner to cause public-service motor-vehicles not jitneys, to bear a special number is invalid, because it gives the commissioner an uncontrolled discretion to compel some owners of such vehicles to bear special numbers, and to permit other owners to bear only the numbers of ordinary passenger vehicles; and that the statute is therefore unconstitutional, because it authorizes a subordinate official to exercise an arbitrary discretion contrary to our law as set forth in *State* v. *Conlon*, 65 Conn. 478, 33 Atl. 519, and *State* v. *Coleman*, 96 Conn. 190, 114 Atl. 385.

This claim is clearly untenable, as the statutory provision in question will not bear such a forced construction. The only rule the commissioner could lawfully make under the statute, would be one embracing all owners of public-service vehicles not jitneys.

The plaintiffs also claim that this statutory provision is invalid because unreasonable. Primarily, where a situation exists proper for legislative action under the police power, the legislature is the sole and exclusive judge as to what degree its power should be exercised. Freund, Police Power, § 63; 12 Corpus

Juris, 933. That the regulation of motor-vehicles and motor-vehicle traffic is a proper subject for legislative action under the police power is not questioned. It is only when legislative regulation of a proper subject under the police power is carried to the point where it becomes prohibitive, destructive, or confiscatory, that the reasonableness of such legislation may be considered by the courts. Freund, Police Power, § 63. "The . . . foundation of the police power is the control of private interests for the public welfare"; therefore, "a statute or ordinance is not rendered unconstitutional by the mere fact that private rights of person or property are subjected to restraint or that loss will result to individuals from its enforcement." 12 Corpus Juris, 931; *Crowley* v. *Christensen*, 137 U. S. 86, 11 Sup. Ct. 13. A large discretion is necessarily vested in the legislature to determine not only what the interests of public health, security and morals require, but what measures are necessary for the protection of such interests. *Young* v. *Lemieux*, 79 Conn. 434, 440, 65 Atl. 436, 600.

. The plaintiffs allege that many of their customers are not willing to ride in cars which carry a number-plate indicating that they are not private cars, and that the defendant commissioner, under authority of the statutes recited above, intends to require public-service motor-vehicles to bear number-plates with special numbers thereon which would indicate that the vehicles are not private, and that the business of the plaintiffs will be greatly impaired thereby. That these reasonable fears of the plaintiffs, of pecuniary loss, fall far short of presenting such a case of the destruction or confiscation of property, or prohibition of a lawful business, as would justify a court in holding that the legislature could not reasonably regulate public-service motor-vehicles and public-service motor-

vehicle traffic, to the extent provided for in the statutes in question, seems indisputable. It was within the lawful discretion of the legislature to determine that the interests of the public security and morals required the degree of protection involved in the regulations of public-service vehicles not jitneys, provided for in the legislation in question. *Young* v. *Lemieux*, 79 Conn. 434, 447, 65 Atl. 436, 600. We are satisfied that the provisions of the statutes in question are reasonable, and are not contrary to any constitutional prohibitions.

There is no error.

In this opinion the other judges concurred.