## THE STATE OF CONNECTICUT *vs.* MERTON W. BASSETT.

\* Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HINMAN, Js.

Chapter 231 of the Public Acts of 1923, forbidding the wilful display upon any public highway of a clock indicating any other than standard time as defined by law, is not in violation of the "due process" clause of the Fourteenth Amendment of the Constitution of the United States, nor of Article First, section nine, of the Constitution of Connecticut, touching the rights of the accused in criminal prosecutions.

Legislation under the police power of the State is not confined to public health, safety, or morality, but may extend to matters in the interest of the public welfare or convenience, provided the Act in question, considering the end in view, is reasonable and does not assume the character of a mere arbitrary fiat.

The legislative department is the judge, within reasonable limits, to determine what public convenience or welfare require, and the wisdom of such legislation is not the concern of the courts, whose duty it is to sustain an Act unless its invalidity, under the Constitution, is clear beyond reasonable doubt.

Argued January 29th—decided March 1st, 1924.

INFORMATION for a violation of Chapter 231 of the Public Acts of 1923, in wilfully displaying on a public highway a clock indicating other than standard time as defined by Chapter 37 of the Public Acts of 1921, brought to and reserved by the Superior Court in Hartford County, *Kellogg, J.,* upon a demurrer to the information, for the advice of this court, the parties having stipulated that final judgment should follow the ,advice given. *The Superior Court is advised to overrule the demurrer.*

*Reinhart L. Gideon,* Assistant State's Attorney, with whom, on the brief, was *Hugh M. Alcorn,* State's Attorney, for the State.

\* Transferred from first judicial district.

*Donald C. McCarthy*, with whom, on the brief, were *Benedict M. Holden* and *Arthur E. Howard, Jr.*, for the defendant.

CURTIS, J.  The information is based on the following statute passed in 1923: "No person, firm or corporation, organization or association, shall wilfully display in or on any public building or on any street, avenue or public highway any time-measuring instrument or device, which is calculated or intended to furnish time to the general public, set or running so as to indicate intentionally, or indicating intentionally, any time other than the standard of time as defined by chapter 37 of the Public Acts of 1921.  Any person or any officer of any corporation or organization or association violating any provision of this act shall be fined not more than one hundred dollars."  Public Acts of 1923, Chap. 231.

The demurrer is in effect that the Act is invalid under the Fourteenth Amendment to the Constitution of the United States, and under Article First, section nine, of the Constitution of Connecticut.

The State claims that it is a valid exercise of the police power of the State.  The defendant admits that the State may enact appropriate legislation under its police powers in the interest of public health, public safety or public morality, but claims that this legislation is not related to either of these purposes and is not, therefore, justifiable under the police power.  But legislation which is ordinarily spoken of as falling under the police power of the State is not confined to that in the interest of the three subjects above enumerated. Legislation in the interest of public convenience and public welfare also comes under the police power. *Escanaba Co.* v. *Chicago*, 107 U. S. 678, 683, 2 Sup. Ct. 185; *Lake Shore & Michigan Southern Ry. Co.* v. *Ohio,*

173 U. S. 285, 19 Sup. Ct. 465; *Windsor* v. *Whitney*, 95
Conn. 357, 369, 111 Atl. 354. We held in *McKeon* v.
*New York, N. H. & H. R. Co.*, 75 Conn. 343, 347, 53 Atl.
656, that "the police powers of a State . . . 'are noth-
ing more or less than the powers of government in-
herent in every sovereignty to the extent of its domin-
ions.'" Also that they do not denote some peculiar
and transcendent form of legislative authority. If the
police powers are "exercised by legislation which vio-
lates any right guaranteed by the National or State
Constitution, they are so far forth invalid." *State* v.
*Coleman*, 96 Conn. 190, 193, 113 Atl. 385.

No specific rights guaranteed by the National or State
Constitution are claimed by the defendant to have
been violated by this Act, other than those relating to
"due process" of law. The defendant claims that the
Act restricts him in the use of his private property,
namely, the clock in question, and is thereby repugnant
to the "due process" provisions of the National and
State Constitutions. The State may regulate any
business or the use of any property in the interest of
the public welfare or the public convenience, provided
it is done reasonably. *Connecticut Light & Power Co.*
v. *Southbury*, 95 Conn. 242, 111 Atl. 363.

The defendant claims that this Act is an unreasonable
exercise of the police power, and that there is no such
public inconvenience arising from so using a clock in
the public highway as to reasonably justify its prohibi-
tion. A large discretion is necessarily vested in the leg-
islature to determine not only what the interests of public
convenience and welfare require, but what measures
are necessary to secure such interests. *Cotter* v. *Stoeckel*,
97 Conn. 239, 244, 116 Atl. 248; *Young* v. *Lemieux*,
79 Conn. 434, 440, 65 Atl. 436, 600. The legislative
department is the judge, within reasonable limits, to
determine what public convenience and public welfare

The State *v.* Bassett.

require, and the wisdom of its legislation is not the concern of the courts. It is our duty to sustain an Act unless its invalidity is in our judgment beyond a reasonable doubt. *Beach* v. *Bradstreet,* 85 Conn. 344, 82 Atl. 1030; *State* v. *Lay,* 86 Conn. 141, 145, 84 Atl. 522; *Cooper* v. *Telfair,* 4 U. S. (4 Dall.) 14, 19.

The legislature by the passage of this Act has judged that the public convenience and welfare would be substantially subserved by its enactment. The purpose of this legislation was to prevent such inconvenience and confusion to the public as might arise from the display of clocks on public buildings and highways indicating the time of day as otherwise than the standard time established by law, and prescribed for conducting the government of the State and municipalities, and which was in use upon railways. The purpose of the legislation cannot be said to be unreasonable as a matter of law, and the provisions of the Act were adapted to accomplish the purpose of the legislation. It was said in *Purity Extract & Tonic Co.* v. *Lynch,* 226 U. S. 192, 204, 33 Sup. Ct. 44, that in examining a given statute relating to an appropriate subject of police regulation to determine whether its provisions are reasonable: "The inquiry must be whether, considering the end in view, the statute passes the bounds of reason and assumes the character of a merely arbitrary fiat."

Considering the end in view, this Act does not pass the bounds of reason and assume the character of an arbitrary fiat.

The Superior Court is advised to overrule the demurrer.

In this opinion the other judges concurred.