ROSE MARCIANO v. MICHAEL MARCIANO ·

COURT OF COMMON PLEAS            FILE No. 9688
JUDICIAL DISTRICT OF WATERBURY

Memorandum filed August 9, 1948.

Charles R. Summa, of Waterbury, for the Plaintiff.

J. Warren Upson, of Waterbury, for the Defendant.

FITZGERALD, J. Plaintiff in this action seeks to recover damages of the defendant, her husband, for injuries she claims to have sustained while a passenger in a car owned and operated by him on the late morning of August 31, 1946. The situation disclosed by the evidence at the trial in June, 1948, is unusually interesting and, as indicated by the passage of time between the trial and this writing, has caused the court to take more time in formulating conclusions than is required in the more prosaic run of negligence cases.

Concisely stated, the essential facts as admitted by the pleadings or determined from the evidence, are these: The car was being operated by the defendant in an easterly direction on route 6 in Danielson, a country highway, at about thirty-five miles per hour. The plaintiff was seated on the front seat to the right of the defendant. A wasp flew through the opened right front window in the direction of the plaintiff's face. Fearing that she would be stung, the plaintiff in alarm called out to the defendant that a wasp was in the car. The defendant looked in the direction of the plaintiff and saw the wasp flying circularly in the vicinity of the plaintiff's face. The defendant then took his right hand off the steering wheel for the purpose of brushing the wasp away. The wasp flew to the rear of the car and the defendant turned his head in that direction to follow its movements. At no time did the defendant attempt to stop the car by applying the foot or hand brake; he probably did remove his foot from the gas accelerator. The car went off the highway and struck with some force two posts, causing the plaintiff to be thrown against the steering wheel and dashboard. About thirty seconds intervened between the time the defendant had his attention called to the wasp and the collision with the posts. No other traffic was on the highway at the time and place in question.

The court concludes that the defendant was negligent in that he did not bring his car to a stop before giving his full attention to the wasp; and in that he permitted his full attention to be given to the wasp to the extent of taking his eyes off the highway with the car in motion and turning his head to the rear to observe the movements of the wasp.

The court also concludes that the plaintiff herself was not guilty of any material contributory negligence; that her exclamation regarding the presence of the wasp was involuntary and can in no event be considered a proximate cause of the collision.

Lastly the court concludes that the negligence of the defendant was the sole proximate cause of the car's colliding with the posts and of the plaintiff's resulting injuries.

Cases such as *Silver* v. *Silver,* 108 Conn. 371, and *Rindge* v. *Holbrook,* 111 Conn. 72, brought under the then existing guest statute requiring a passenger in a car to prove in an action against the owner that the car was being operated in a reckless and heedless manner in disregard of the plaintiff's rights are not in point. In the *Silver* case the defendant operator had his attention distracted by a passenger asking him to look at horses over in a lot, which he did with the car in motion; and in the *Rindge* case the defendant operator was assisting a passenger in the front seat to rid herself of a bee which had alighted on her knee, thus taking his attention away from the highway with the car in motion. In both of those cases collisions followed and in the resulting litigations by passengers against the owners the requirements of proof under the then guest statute were held not to have been satisfied.

But in the case at bar the court is only concerned with the standard of reasonable care of an operator, since the guest statute and its more stringent requirements as to proof no longer is a part of our statutory law. The test now determinative of liability in the operation of a car, from the standpoint of proof, is that of the common law, and when applied is deemed to favor the plaintiff on the issues litigated.

It now remains to consider damages. As a result of being thrown against the steering wheel and dashboard when the car struck the posts, the plaintiff sustained bruises to an arm, ankle. leg, shoulder, and a wrench of her back. Standing alone these injuries were not of a major character. It is found that there was a resulting shock which in turn developed an active posttraumatic neurosis which persisted up to the trial last June, nearly two years after the collision. The latter condition is considered by the court of such a nature as to warrant substantial damages. The plaintiff was employed at the time of the mishap, earning $17.50 a week, and with the exception of two brief periods since, when she attempted to return to work but was unable to continue, was unemployed to the date of trial. There are doctor bills of about $200. Exactly when the plaintiff will regain normalcy is a matter is a matter of speculation.

The court concludes that the plaintiff is entitled to an award for damages exceeding $2500. Before taking up the question of the power of the court to enter an award exceeding $2500 in view of a situation to be discussed hereinafter, additional comments relating to a matter raised by defendant's counsel at the trial are deemed in order.

The case was keenly contested by attorney Upson, who made no attempt to conceal the fact that the defending party in interest is an insurance company. At one point during the trial Mr. Upson made a motion to withdraw from the case on the ground that the defendant was not a co-operative party under the terms of his policy of insurance. The court was of the opinion that this was not a fact and denied the motion. In the decision of this case the court has not at all been controlled by the admitted presence of insurance. It is considered that the same result would have obtained had there been no insurance and had the plaintiff been one other than the defendant's wife. That insurance companies are entitled to the same consideration as private individuals is a principle that the presiding judge has subscribed to as steadfastly as to the controlling law of a case as he understands it to be. The size of the judgment to be entered, if such judgment can be validly entered, would approximate the now maximum amount sanctioned by the 1947 statute. It would be based solely upon the evidence accepted by the court. Emphatically it would bear no relation to the admitted presence of an insurance company as the defendant party in interest.

Damages asked are in the amount of $5000. The action appears to have been brought under § 1420i of the 1947 Supplement which has increased the jurisdiction of this court from $2500 to $5000 in an action of this character. The effective date of this statute is October 1, 1947. Suit was instituted by service upon the defendant on August 4, 1947, returnable to court on the first Tuesday of October, 1947, which fell on the 7th day of that month. It has already been stated that the court considers that the plaintiff is entitled to an award for damages exceeding $2500. A question is presented in the mind of the court as to whether a judgment for damages exceeding $2500 but within the limit of the ad damnum would have any validity, at least as to the amount in excess of $2500. Counsel have made no claim one way or the other on this aspect. The court is of the opinion that it should direct consideration of this phase.

An action is regarded as having been brought on the date of the service of the writ upon the defendant, and not on the return day *Tuohey* v. *Martinjak*, 119 Conn. 500,501; *Consolidated Motor Lines, Inc.,* v. *M & M Transportation Co.,* 128 Conn. 107, 109. Hence this action was brought prior to the effective date of the 1947 statute. It would seem that the statute does more than effect a procedural change in that it confers an increased jurisdiction upon the court. Note discussion in *Demarest* v. *Zoning Commission,* 134 Conn. 572, 574, on the question as to whether a statute should be accorded a retrospective effect. If the statute cannot be accorded a retrospective effect an award for damages in excess of $2500 would be void. Jurisdiction over subject matter can never be conferred by consent or waiver; *Long* v. *Zoning Commission,* 133 Conn. 248, 252; and the trial court is under the duty to call attention to a pertinent statute and its effect even though counsel may have overlooked it. *Leary* v. *Citizens & Manufacturers National Bank,* 128 Conn. 475, 479.

Counsel are requested to consider the propriety of the court's entering an award for damages in excess of $2500 in view of the statement relating to the institution of the action prior to the effective date of the statute. Since a hearing has already been assigned for August 11 on a further motion of the defendant's counsel to withdraw at the instance of the insurer on the risk, the statutory phase may be discussed in open court on that date.

As indicated no judgment of record nor other disposition is to enter at this time.

---

(At a later hearing counsel conceded that the court was without power to enter an award in excess of $2500. Plaintiff's counsel took under advisement the filing of a motion to transfer the case to the Superior Court or the filing of a motion to reduce the ad damnum to $2500; defendant's counsel took under advisement the filing of a motion to erase the case for want of jurisdiction. Thereafter, in lieu of further proceedings the case was settled for $2500).